UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARIA de JESUS BALTIERRA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-398-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FAYETTE CIRCUIT COURT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without an attorney, Maria de Jesus Baltierra, "M.D." has filed a Complaint seeking the removal of criminal action from state court based on alleged violations of state and federal law. [Record No. 1] She names as defendants: (i) the Fayette Circuit Court; (ii) the Commonwealth of Kentucky; (iii) the Public Defender; (iv) Fayette County Commonwealth Attorney Ray Larson; (v) Allison Eastland, Assistant Commonwealth Attorney; (vi) the University of Kentucky Police Chief; and (vii) the University of Kentucky. [*Id.*] For the reasons outlined below, the Court will dismiss a number of the plaintiffs claims. Some will be dismissed with prejudice while others will be dismissed without prejudice. However, the action in its entirety will be dismissed and stricken from this Court's docket.

**I.**

On December 27, 2012, Baltierra was arrested in Lexington, Kentucky, and charged with endangering the welfare of a minor and custodial interference. Baltierra claims that she was accompanied by her grandchild at the time of the arrest. [Record No. 1-1] Her criminal case was

filed in the Fayette Circuit Court. Baltierra claims that the criminal charges against her were eventually dismissed.

Baltierra seeks to challenge her arrest and subsequent criminal prosecution on a number of grounds. She seeks an order "removing" the state criminal matter to this Court so that this Court may "hear the Federal questions of violations of Due Process and repeated failure to assure the Constitutional protections and Rights to three USA citizens." [*Id*., p. 4] Baltierra also alleges that she was profiled and prosecuted because of her ethnicity. [Record No. 1, pp. 2, 4, 7] Next, the plaintiff further claims that the prosecution was defamatory and violated her rights under state law. [*Id*., pp. 1, 6] She demands a jury trial and monetary damages under 28 U.S.C. §§ 1441 and 1331.[1] [Record No. 1, pp. 1-2]

**II.**

Because Baltierra asserts claims against governmental entities and employees, and because she has been granted pauper status [Record No. 3], the Court conducts a preliminary review of her Complaint pursuant to 28 U.S.C. §§ 1915A (e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 *Id*.; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Baltierra's Complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th

---

[1] It appears that Baltierra's claims fall under 42 U.S.C. § 1983. Under this statutory section, a plaintiff may assert claims alleging that state officials violated his or her federal rights. The Clerk of the Court has properly docketed this proceeding under this statutory section.

Cir. 2003). At this stage of the proceedings, the Court accepts her factual allegations as true and liberally construes the legal claims in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### III.

A.  **Improper Removal**

As a general matter, only civil matters may be removed to federal courts. 28 U.S.C. § 1441; *see also Warren v. Michigan Dept. of Corrections*, No. 1:05-cv-652, 2005 WL 2461161, at *81 (W.D. Mich. Oct. 4, 2005) ("On its face, § 1441(b) provides for the removal of only civil actions, not criminal actions."). However, a criminal action commenced in State court may be removed under very limited circumstances. Title 28 of the United States Code, Section 1443, permits removal of a state court criminal proceeding to federal court, but only to protect: (1) federal officials and persons assisting federal officials in the performance of their official duties, and (2) state officials who refuse to enforce or prosecute state laws that result in the discrimination based on race or color. *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979); *see also McQueary v. Jefferson Cnty., Ky.*, 819 F.2d 1142, 1987 WL 37567, at *2-3 (W.D. Ky. June 2, 1987).

Because these limited circumstances do not apply here, Baltierra's attempt to remove her state court criminal action is improper. *See Crim. Ct. of Memphis and Shelby County v. Devitoe-Chauntaunt*, No. 11–2560–STA–tmp, 2011 WL 5827251, at *2 (W.D. Tenn. Nov. 18, 2011) ("Criminal cases may be removed only in limited circumstances, none of which are applicable here."). Therefore, her request for removal will be denied.

## B. § 1983 Claims

Additionally, this Court can not intervene in a pending state court criminal case under long-standing abstention principles. *See Younger v. Harris*, 401 U.S. 37 (1971)(counseling federal courts to abstain from interfering in pending state court criminal proceedings). However, Baltierra asserts that the criminal action against her has been dismissed and is no longer pending. Even assuming that the state proceeding is final, for the reasons outlined below, Baltierra is barred from asserting claims against any of the defendants named in this action.

## C. Sovereign Immunity

Baltierra has named the Commonwealth of Kentucky, the Fayette Circuit Court[2], the University of Kentucky, and the University of Kentucky Police Chief as defendants. Kentucky enjoys sovereign immunity from suits demanding monetary damages. The Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. It provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI.

---

[2] Section 109 of the Kentucky Constitution provides:

> The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, an trial court of general jurisdiction know as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration. . . .

The location, composition, and administration of the circuit courts is addressed in Section 112 of the Kentucky Constitution. As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity. Likewise, the judicial officers are entitled to judicial immunity for actions taken in their official capacities.

Under the Eleventh Amendment, States are protected from suits in federal court seeking monetary damages. *Alden v. Maine*, 527 U.S. 706, 713 (1999); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Edelman v. Jordan*, 415 U.S. 651 (1974). There is no suggestion that Congress has abrogated Kentucky's Eleventh Amendment immunity for claims such as these or that the Commonwealth of Kentucky has consented to be sued by Baltierra.

In addition, immunity extends to departments and state agencies, as well as state instrumentalities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Public universities in Kentucky and their directors are state agencies and officials for Eleventh Amendment purposes. *See Hutsell v. Sayre*, 5 F.3d 996, 999–1000 (6th Cir. 1993) (the University of Kentucky is an "arm of the state under state law"); *Weathers v. Ky. State Univ.*, No. 3: 09-CV-4-DCR, 2009 WL 1683711, at *3 (E.D. Ky. June 16, 2009) (suit against university officials, including the president, was barred by the Eleventh Amendment).

Here, the University of Kentucky and its department, boards, and employees sued in their official capacities are instrumentalities of the Commonwealth of Kentucky and are entitled to Eleventh Amendment immunity.[3] *See Hutsell*, 5 F.3d at 1000; *Erickson v. Univ. of Ky.*, No. 13-52-KSF, 2013 WL 5503204, at *1 (E.D. Ky. Oct. 3, 2013). Thus, Baltierra's § 1983 claims against these parties fail.

---

2       Any constitutional claims against the University of Kentucky Police Chief in his individual capacity are also improper. To assert a claim under § 1983, a plaintiff must allege that the named defendant was personally or directly involved in the actions giving rise to the claim. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206–07 (6th Cir. 1998). Baltierra has alleged no such personal involvement on part of the University of Kentucky Police Chief. And while she listed this defendant in the caption of the Complaint, she did not refer to this individual in the body of the Complaint. Likewise, she did not identify any involvement this individual had in the challenged actions.

### D. Prosecutorial Immunity

Baltierra's claims against Commonwealth Attorney Ray Larson and Assistant Commonwealth Attorney Allison Eastland will be dismissed under the doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court explicitly recognized that prosecutors enjoy absolute immunity from § 1983 suits for damages when they act within the scope of their prosecutorial duties. *Imbler*, 424 U.S. at 420. Prosecutorial immunity applies "so long as the general nature of the action in question is part of the normal duties of a prosecutor," even when that immunity "bar[s] § 1983 suits arising out of even unquestionably illegal or improper conduct by the prosecutor." *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009). Baltierra has not alleged that either attorney acted outside the scope of his or her duties. Therefore, her claims against the Commonwealth Attorneys are barred.

### E. State Action

Baltierra has named a Public Defender as a defendant to this action, claiming that he ". . . did nothing to help me." [Record No. 1, p. 7] To prevail on a § 1983 claim, Baltierra must show that she was deprived of a constitutional right and that the deprivation occurred under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Neither privately-retained attorneys nor court-appointed public defenders are considered "state actors" under § 1983. *Washington v. Brewer*, 948 F.2d 1291, 1991 WL 243591, at *1 (6th Cir. Nov. 21, 1991)(Table). (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)).

### F. Ethnic Profiling

Baltierra claims that she was arrested and prosecuted based on her race and Hispanic ethnicity, claiming that she was the target of ethnic and racial profiling. [Record No. 1, p. 7] A claim of racial profiling is analyzed under a three-part test. *Cunningham v. Sisk*, 136 F. App'x 771, 775 (6th Cir. 2005) (citing *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991)). To proceed on this claim, Baltierra must assert that: (1) the officer singled out a person belonging to an identifiable group even though the officer has decided not to take action against individuals not belonging to that group in similar situations; (2) the officer took action against the individual with a discriminatory purpose; (3) the action must have had a discriminatory effect on the group to which the individual belongs. *Id.* (citing *Anderson*, 923 F.2d at 453).

Baltierra alleges that people in Northern Kentucky are prejudiced against ". . . anyone who is ethnically different from the outward physical appearance of many Northern Kentuckians. . . ." [Record No. 1, p. 2] She further claims that American citizens ". . . believe wrongfully that is somehow OK to accuse other USA Citizens or residents of this country who may not 'look like them' . . . especially Mexican-Americans or other Spanish speaking individuals as only 'being in Jail garb' . . . being shackled and being led from prisons or detention Centers!" [*Id.*] Finally, Baltierra states that citizens of the United States are being ". . . deprived of their freedom, property and even their children without any consideration of Civil Liberties. . . ." [*Id.*, p. 5]

These statements reflect Baltierra's *opinions* about perceived racial prejudice and other alleged social injustices, but they do not satisfy the prerequisites of a Fourth Amendment equal

protection or selective prosecution claim. Baltierra has not alleged facts indicating that the defendants singled her out because of her ethnicity while electing not to take criminal action against other persons who are not of Hispanic origin. *Cunningham*, 136 F. App'x at 775. Nor has Baltierra alleged that the defendants took action against her for a discriminatory purpose. *Id.* Finally, she has not alleged that the defendants action have had a discriminatory effect on Hispanics. In short, she has failed to make a prima facie showing for a claim of racial profiling.

Having dismissed Baltierra's underlying federal claims, the Court declines to exercise jurisdiction over her remaining claims alleging defamation and wrongful arrest, and/or malicious prosecution under state law. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992).

## III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Maria de Jesus Baltierra, M.D.'s request to remove her state court criminal matter to this Court [Record No. 1] is **DENIED**.

2. Plaintiff Maria de Jesus Baltierra, M.D.'s claims under 42 U.S.C. § 1983 are **DISMISSED,** with prejudice.

3. To the extent the plaintiff has asserted claims under state law alleging defamation, wrongful arrest, and/or wrongful prosecution, those claims are **DISMISSED**, without prejudice.

4. This action is **DISMISSED** and **STRICKEN** from the docket. The Clerk of the Court is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to the

defendants named in the Complaint, to the extent their mailing addressed are available or can be readily determined.

5. A separate Judgment shall issue this date.

This 18th day of December, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge